GUO LIN CHEN, Petitioner,

v.

**Alberto R. GONZALES,[2] Respondent.**

**No. 04–2560–AG.**

United States Court of Appeals,
Second Circuit.

March 29, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Amy E. Ray, Assistant United States Attorney (Gretchen C.F. Shappert, United States Attorney, Western District of North Carolina, on the brief), Asheville, North Carolina, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. DAVID G. TRAGER, District Judge.[1]

## SUMMARY ORDER

Guo Lin Chen petitions for review of the April 22, 2004, BIA decision affirming the Immigration Judge's ("IJ") opinion denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA adopts or affirms the IJ's decision, we review only the IJ's decision. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–78 (2d Cir.2004).

Here, substantial evidence supports the IJ's determination that Chen was not credible. First, Chen stated in his written application that after his wife was forced to undergo an abortion, he "wanted to have more children very much ... [and after discussing it] with my wife, I decided to leave China. On August 18, 2000, I got a chance." Additionally, the IJ noted that

---

**2.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

**1.** The Honorable David G. Trager of the United States District Court for the Eastern District of New York sitting by designation.

a letter from Chen's wife stated that after her abortion in April 2000, Chen spoke to her and then decided to leave China. Finally, Chen testified at his hearing that it was "after my wife had the abortion [in April 2000] that I guess, I guess I thought about it that we can't have any more children in China, so I wanted to leave China." However, Chen also acknowledged, on cross examination, that in February 2000, he had contacted a smuggler who assisted him in securing a passport, which passport he received in April 2000. Thus, he began planning to leave China two months before his wife's abortion. The IJ concluded that Chen had contradicted his earlier testimony that he and his wife decided to leave China after her alleged abortion.

The inconsistency in Chen's testimony supported the IJ's adverse credibility determination because it involved "the heart of the asylum claim," *see Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002) (quotation marks omitted), and was not a "minor and isolated disparity," *Secaida–Rosales v. INS*, 331 F.3d 297, 312 (2d Cir.2003). Although Chen faults the IJ for not accepting his explanation for the inconsistency— that after his wife "became pregnant on November and at that time I figure that she probably could not have that child anyway, so I tried to plan ahead and try to leave," the IJ as a reasonable adjudicator was not compelled to credit that explanation. *See Zhou Yun Zhang*, 386 F.3d at 74.

Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see id. at* 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country. 8 U.S.C. § 1231(b)(3)(A). Finally, insofar as

Chen may be raising a claim for relief under the Convention Against Torture, that claim is unexhausted and therefore not within the scope of our jurisdiction. *See* 8 U.S.C. § 1252(d)(1).

Accordingly, Chen's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction. The pending motion for a stay of removal in this petition is DENIED.